NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| NKWAIN WILLIAM NGAMFON, | NO. 17-cv-00183-DMG (JPRx) |
| Plaintiff, | |
| vs. | **JOINT STIPULATED PROTECTIVE ORDER** |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

**1. INTRODUCTION**

The Parties, by their undersigned counsel, pursuant to 8 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c)(1), hereby agree to the following provisions of this Joint Stipulated Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the terms of this Protective Order.

## 2. SCOPE OF PROTECTED INFORMATION AND GOOD CAUSE STATEMENT

This is an Action brought pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1421(c), challenging the denial of Plaintiff's application for naturalization. This Protective Order is entered for the purpose of protecting the rights of privacy of past and present federal employees of U.S. Citizenship and Immigration Services (USCIS), individuals whose information was gathered with Plaintiff's petitions or applications for immigration benefits or relief from removal, and other persons whose records may be relevant to this litigation. This Protective Order shall govern the production and use of all information and items in this Action subject to the Privacy Act of 1974, 5 U.S.C. § 552a; other federal statutes or regulations; court rules; case decisions; or common law, for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. For example, in addition to information or items covered by the Privacy Act, the Action may involve information or items protected by 8 U.S.C. § 1202(f)(1) (prohibiting disclosure of visa records without a court order); 8 U.S.C. § 1367 (imposing penalties for the disclosure of information or items involving certain immigration petitions and applications); 26 U.S.C. § 6103 (protecting the confidentiality and disclosure of tax returns); or 8 C.F.R. § 208.6 (prohibiting the disclosure of information contained in or pertaining to certain applications for relief from removal). Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information or items is justified in this matter.

The sole purposes for which the disclosure of the information and items is being made is to prepare for, prosecute, and defend this litigation. It is the intent of the Parties that information or items will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner.

**3. DEFINITIONS**

A. Action: this pending federal lawsuit.

B. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

C. CONFIDENTIAL Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D. Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

E. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY.

F. Disclosure or Discovery Material: all information or items, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G. Expert or Consultant: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an Expert witness or as a Consultant in this Action.

H. FOR ATTORNEYS' EYES ONLY Information or Items: Documents and materials to be seen by Receiving Party's counsel only. Any documents or materials so designated shall also be considered as CONFIDENTIAL under this stipulation.

I. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

J. Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained Experts or Consultants, and Counsel of Record and their support staffs.

K. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

L. Protected Material: any Disclosure or Discovery Material that is designated as CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY, and any information copied, extracted, summarized, or compiled from Disclosure or Discovery Material that is designated as CONFIDENTIAL OR FOR ATTORNEYS' EYES ONLY.

M. Receiving Party: a Party that receives Protected Material from a Designating Party.

**4. DESIGNATING PROTECTED MATERIAL**

A. Designation. This Protective Order governs the production and handling of any Protected Material in this Action. Any Party or Non-Party who produces Protected Material in this Action may designate it as CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY consistent with the terms of this Protective Order. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the

Protected Material and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its Protected Material outside of this Action. In addition, any Party may move to modify or seek other relief from any of the terms of this Protective Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other Parties pursuant to the terms of this Protective Order, Local Rules 37-1 to 37-4, and any pertinent orders of the assigned District Judge and Magistrate Judge.

      B.     <u>Application to Non-Parties</u>. Before a Non-Party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; if it fails to do so, the Parties to this Action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the Non-Party. If a Non-Party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

      C.     <u>Timing and Provisional Protection</u>. Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in

writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

D. <u>Manner of Designation</u>. Information or items may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY on each designated page of the document or electronic image, or portion or portions of the material on a page.

E. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**5. CHALLENGES TO DESIGNATED INFORMATION**

A. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with this Protective Order, Local Rules 37-1 to 37-4, and any pertinent orders of the assigned District Judge and Magistrate Judge.

B. <u>Pre-Filing Conference</u>. The Challenging Party shall initiate the dispute resolution process under Local Rules 37-1 to 37-4. and any pertinent orders of the assigned District Judge and Magistrate Judge.

C. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper

purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.

D. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

E. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

**6. LIMITED ACCESS/USE OF PROTECTED INFORMATION**

A. <u>Restricted Use</u>. Information or items that are produced or exchanged in the course of this Action and designated under this Protective Order may be used solely for the preparation, trial, and any appeal of this Action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party or as required by statute. No designated information may be disclosed to any person except in accordance with the terms of this Protective Order or as required by statute. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena unless prohibited by law from doing so. Any use or disclosure of CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY information in violation of the terms of this Protective Order may subject the disclosing Party or Non-Party to sanctions.

B. <u>Access to CONFIDENTIAL Information or Items</u>.  The Parties and all Non-Parties subject to this Protective Order agree that information designated as CONFIDENTIAL may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;
2. All Counsel of Record for any Party in this Action and their employees who assist Counsel of Record in this Action and are informed of the duties hereunder;
3. The Parties, including their agents and employees who are assisting or have reason to know of this Action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A for designated material not designated by the Party.  Further, Plaintiff shall not be allowed to personally retain any copies, summaries, or notes about or relating to the information so designated for designated material not designated by Plaintiff**;**
4. Experts or Consultants employed by the Parties or their counsel for purposes of this Action, so long as each such Expert or Consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and
5. Other witnesses or persons with the Designating Party's consent, by court order, or as required by statute.

C. <u>Access to FOR ATTORNEYS' EYES ONLY Designations</u>.  The Parties and all Non-Parties subject to this Protective Order agree that information designated as FOR ATTORNEYS' EYES ONLY may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Counsel of record for any Party in this Action and their employees who assist Counsel of Record in this Action and are informed of the duties hereunder;

3. The following representatives for each Party, who must also sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A:

    (a) For Plaintiff: none at any time;

    (b) For Defendants: none at this time other than employees of the United States who assist Counsel of Record in this Action; and

4. Other witnesses or persons to whom the Designating Party agrees in advance of disclosure, by court order, or as required by statute.

5. The Plaintiff specifically agrees that in the event that any information is provided to his Counsel of Record as FOR ATTORNEYS' EYES ONLY material, that such attorneys shall not disclose to him the information contained in such materials in any way, verbatim, by copy, in summary, or in essence, and shall not let Plaintiff review or access such material or the information so designated in any manner, without prior express written authorization from the Defendants or order of the Court.

D. <u>Review of Witness Acknowledgments</u>.  At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession.  The Receiving Party must, within 3 business days of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an Expert or Consultant whose identity has not yet been disclosed to the Designating Party, the

Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed Experts or Consultants, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said Expert or Consultants.  If a Receiving Party is not required to disclose the identity of any consulting Experts or Consultants, it may not be compelled to produce any acknowledgments from those Experts or Consultants to the Designating Party.  However, if the Designating Party provides to the Court evidence of breach of this Protective Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Protective Order.

      E.      <u>Non-Waiver Effect of Designations</u>.  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, will constitute a waiver of any Party's claim or defense in this Action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

      F.      <u>In-Court Use of Designated Information or Items</u>.  If information designated pursuant to this Protective Order will or may be offered in evidence at a hearing or trial, then the offering Party must give advance notice to the Party or Non-Party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

      Nothing in this Protective Order shall be construed as a waiver by a Party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

## 7. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;
2. promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and
3. make the information requested available for inspection by the Non-Party, if requested.

C. If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1 to 37-4 within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party

may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**8.   CLAW-BACK REQUESTS**

   A.   <u>Failure to Make Designation</u>. If, at any time, a Party or Non-Party discovers that it produced or disclosed Protected Material without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Protective Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistent with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

   B.   <u>Inadvertent Production of Privileged or Confidential Information</u>. If, at any time, a Party discovers that it produced information that it reasonably believes is confidential under the terms of this Protective Order or subject to protection under the attorney/client, work-product, law-enforcement, deliberative-

1 | process, trial-preparation, or other privileges, then it must promptly notify each
2 | Receiving Party of the claim for protection, the basis for it, amend its privilege log
3 | accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the
4 | Designating Party must produce substitute information that redacts the information
5 | subject to the claimed protection. The Receiving Party must thereupon comply
6 | with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed
7 | protection. The Parties must also comply with Local Rules 37-1 to 37-4 and any
8 | pertinent orders of the assigned District Judge and Magistrate Judge before seeking
9 | Court intervention to resolve any related dispute.

**9. FILING PROTECTED MATERIAL AND REQUESTS TO SEAL**

This protective order does not authorize a Party to file or maintain a document under seal. A Party that seeks to file any Protected Material must apply to the Court, in compliance with Local Rule 79-5 and any pertinent orders of the assigned District Judge and Magistrate Judge, to file the documents under seal. If a Party's request to file Protected Material under seal is denied by the Court, and the Designating Party has not appealed the decision, then the Receiving Party may file the information or items in the public record unless otherwise instructed by the Court.

**10. FINAL DISPOSITION**

Within 60 days of the final disposition of this Action, each Receiving Party must return all Protected Material to the producing party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon request by the Designating Party, the Receiving Party must submit a written certification to the producing party (and, if not the same person or entity, to the Designating Party) that (1) identifies (by category, where appropriate) all the

Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert or Consultant reports, attorney work product, and consultant and Expert or Consultant work product, even if such materials contain Protected Material, including for purposes of complying with government document retention and Freedom of Information Act requirements. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**11. VIOLATION**

Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED.

DATED: May 3, 2018            Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILIAM C. PEACHEY
Director, District Court Section

TIMOTHY M. BELSAN
Senior Litigation Counsel

*/s/ Troy D. Liggett*
TROY D. LIGGETT
Trial Attorney, District Court Section
Office of Immigration Litigation
U.S. Department of Justice

DATED: May 3, 2018

/s/ Matthew E. Roston
*MATTHEW E. ROSTON
Roston Law Group

\* I attest that Plaintiff's counsel concurs in this filing's content and has authorized its filing.

/s/ Troy D. Liggett
TROY D. LIGGETT
Trial Attorney, District Court Section
Office of Immigration Litigation
U.S. Department of Justice

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: May 3, 2018   _____
HON. JEAN P. ROSENBLUTH
United States Magistrate Judge

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Ngamfon v. Dep't of Homeland Sec., et al.*, No. 17-cv-00183-DMG (JPRx). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Information or Item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this Action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____